# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| WILLIAM KEITH JARRELL, | : |
| Plaintiff, | : |
| v. | : |
| | : NO. 4:17-CV-00153-CDL-MSH |
| CORIZON HEALTH INC, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Plaintiff's complaint (ECF No. 1) seeking relief under 42 U.S.C. § 1983. Also pending are Defendants' motions to dismiss Plaintiff's complaint (ECF Nos. 27, 30) and Plaintiff's motions for discovery, (ECF No. 19) judgment, (ECF No. 22) leave to amend, (ECF No. 29) and appointment of counsel (ECF No. 33). For the reasons explained below, Plaintiff's motions for discovery, judgment, and appointed counsel are denied. His motion to amend is granted. Finally, it is recommended that Defendants' motions to dismiss be granted and Plaintiff's original and amended claims be dismissed.

## BACKGROUND

Plaintiff's claims arise out of an alleged incident at Rutledge State Prison ("RSP"). He claims Defendants failed to provide him with adequate medical treatment and alleges the following facts. On May 21, 2017, Plaintiff, a "paranoid schizophrenic" and "[l]evel 3 mental health inmate," swallowed approximately eighteen razor blades "because [he] was hearing voices & seeing things." Compl. 5-6, ECF No. 1. At least one corrections officer

and several inmates witnessed Plaintiff swallow the blades. *See* Attach. 1 to Compl. 3, 7, 9, 11, 13, 15, ECF No. 1-1. The corrections officers on duty "called a code in," and Defendant Thornton, a captain at RSP, ordered a "CERT officer" to place Plaintiff in a "strip cell." Compl. 5. Plaintiff was then taken to the medical department where the health services administrator, Defendant Vaughn, and a prison nurse stated that "the razors would dissolve in [Plaintiff's] stomach." *Id.* Plaintiff was then returned to the strip cell where he remained for approximately six hours until he was transferred to the "Crisis Stabilization Unit" at Georgia State Prison by order of Defendant Thompson, the prison psychologist. *Id.* Plaintiff contends that prison policy requires a physician be contacted in such circumstances to "medically clear[]" a prisoner for transport. *See id.* Plaintiff was treated at the Crisis Stabilization Unit for three days, released by a prison psychiatrist, and transported back to RSP. *Id.* After returning to RSP, he was placed in administrative segregation for six days before being returned to "E-[building]." Compl. 6.

On October 19, 2017, the Court allowed only Plaintiff's claims against Defendants Thornton, Vaughn, and Thompson to proceed following preliminary review. Order & R. & R. 11, ECF No. 11; Order, ECF No. 21. Defendants Thornton and Vaughn filed their motion to dismiss (ECF No. 27) on January 3, 2018. The next day, Defendant Thompson filed his motion to dismiss (ECF No. 30).

## DISCUSSION

### I. Defendants' Motions to Dismiss

Defendants move to dismiss Plaintiff's complaint alleging, *inter alia*, that Plaintiff failed to exhaust his administrative remedies. (ECF Nos. 27, 30.) Because the Court finds

2

that Plaintiff did not exhaust his administrative remedies, the Court declines to address Defendant's other grounds for dismissal.

A. Exhaustion Standard

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to

3

dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

### B. Plaintiff's Failure to Exhaust

Defendants contend Plaintiff failed to fully utilize the Georgia Department of Corrections ("GDOC") grievance procedure—applicable to all inmates—before filing his complaint. First Br. in Supp. 5-7, ECF No. 27-1.[1] Plaintiff's complaint states that he presented his complaints via institutional grievance and appealed its denial to the highest possible level. Compl. 3-4. He responded to Defendants' exhaustion arguments by stating he has not been "instructed or advised about the grievance process" and contending that his suit should not be dismissed based on an "inability to understand the complexities of law." Pet'r's Aff. 2, ECF No. 34; Pet'r's Aff. 2, ECF No. 35. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court

---

[1] Defendants filed separate motions to dismiss but in his motion, (ECF No. 30) Defendant Thompson incorporated the arguments made by Defendants Thornton and Hazel (ECF No. 27). The Court includes "First" when citing to the brief filed in support of Defendants Thornton and Hazel's motion and "Second" when citing to Defendant Thompson's brief.

4

makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's claims.

RSP follows the GDOC's Standard Operating Procedures ("SOPs") regarding grievances. *See* First Br. in Supp. 5; Betterson Aff. ¶ 2, ECF No. 27-2. The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office. Betterson Aff. ¶ 7 & Ex. 1 at 9. A warden has forty calendar days within which to respond to an original grievance. *Id.* Ex. 1 at 12. An inmate may file a Central Office appeal after the warden issues a decision or after the time allowed for the warden to make his decision expires. *Id*. ¶ 9 & Ex. 1 at 14. The Commissioner's decision on such an appeal must be delivered to the inmate within one hundred days of the Central Office's receipt of the appeal. *Id*. ¶ 10 & Ex. 1 at 15.

On May 30, 2017, Plaintiff filed a grievance based on the factual claims described above. Betterson Aff. ¶ 12 & Ex. 3 at 2. The RSP Warden responded to Plaintiff's grievance on June 9, 2017, and Plaintiff acknowledged receipt of that response on June 15, 2017. *Id*. ¶ 12 & Ex. 3 at 4. Plaintiff then submitted a Central Office appeal on June 19, 2017. *Id*. ¶ 12 & Ex. 3 at 5. Next, he filed this suit on July 10, 2017.[2] Compl. 8.

"The PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "To properly exhaust, a prisoner must '[c]ompl[y] with prison

---

[2] Under the "mailbox rule," filings made by *pro se* prisoner litigants are considered filed on the date they are delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

5

grievance procedures.'" *Whatley v. Warden, Ware State Prison,* 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Further, in order for an inmate to have exhausted his administrative remedies, he must complete the grievance process *prior* to filing a civil action. *See, e.g., Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit.") (emphasis added). The relevant date for determining whether the administrative remedies are exhausted is the date on which a plaintiff files his initial complaint, not an amended or recast complaint. *See Smith v. Terry*, 491 F. App'x 81, 83-84 (11th Cir. 2012) ("The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint.").

Plaintiff initiated this lawsuit on July 10, 2017. The one hundred day period allowed for the Central Office to deliver a decision on his appeal began in June 2017 and had not expired. Furthermore, there is no evidence that Plaintiff had actually received a decision on his appeal. Because he failed to allow the time for the Commissioner to respond to his appeal to expire, Plaintiff failed to fully exhaust his administrative remedies before filing his Complaint. Thus, Defendants' motions to dismiss (ECF Nos. 27, 30) should be granted. *See Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998) ("Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement.").

## II. Plaintiff's Motions

### A. Motion for Discovery

On November 8, 2017, Plaintiff filed a motion asking the Court to "subpoena aforementioned defendants and others who may be relevant to this case." Mot. for Disc. 1, ECF No. 19. Plaintiff's motion is denied because discovery is stayed pending a ruling on Defendants' motions to dismiss. *See* Text-only Order, January 5, 2018, ECF No. 32. Moreover, discovery and discovery requests are not properly filed with the Court. *See* M.D. Ga. Loc. Civ. R. 5.1. When, or if, the discovery stay is lifted in this case, Plaintiff should serve his discovery requests directly on the defendant(s). At that time, Plaintiff may renew his request for the issuance of subpoenas. Plaintiff's motion for discovery (ECF No. 19) is denied.

### B. Motion to Appoint Counsel

On January 9, 2018, Plaintiff filed a motion seeking "an appointed attorney counsel." Mot. to Appoint 1, ECF No. 33. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 33) is denied.

C. Motion to Amend

Plaintiff asks the Court to "admit and to include Warden Shay Hatcher and Deputy Warden Bell to this civil case[.]" Mot. to Amend 2, ECF No. 29. Plaintiff filed his motion to amend on January 2, 2018—less than twenty-one days after it was served on Defendants. *See* Waivers, ECF Nos. 23, 25. Therefore, this motion is granted in accordance with Plaintiff's right to amend as a matter of course. Fed. R. Civ. P. 15(a)(2).

However, after conducting a preliminary review of the Plaintiff's new claims, as directed by the Prisoner Litigation Reform Act, ("PLRA") the Court recommends that they be dismissed. The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner's complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091,

1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless" legal theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).

Plaintiff's amended complaint names two new Defendants and concerns the same alleged facts as his original claims. Mot. to Amend 2-3. The newly named Defendants are both prison officials, therefore, Plaintiff's new claims are subject to the same exhaustion requirements as the original claims discussed above. Plaintiff's amendment cannot cure his exhaustion defect. *See Smith*, 491 F. App'x at 83 ("[A]lthough Rule 15(d) permits parties to supplement a pleading even when the original pleading is defective, Rule 15 does not and cannot override a substantive requirement or restriction contained in a statute."). Accordingly, it is recommended that the claims in Plaintiff's amended complaint be dismissed as frivolous.

### D. Motion for Judgment

Plaintiff has also filed a motion seeking "judgment against [Defendants] in this action." Mot. for J. 1, ECF No. 22. However, he included no substantive argument in support of this request and no support for them exists in the record. Plaintiff's Motion for Judgment is therefore denied.

## CONCLUSION

For the reasons explained above, Plaintiff's motions for discovery, (ECF No. 19) judgment, (ECF No. 22) and appointment of counsel (ECF No. 33) are denied. His motion for leave to amend (ECF No. 29) is granted. It is recommended that Defendants' motions to dismiss (ECF Nos. 27, 30) be granted and Plaintiff's original and amended complaints

9

be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 13th day July, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE